UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
DANTE DANIELS,

        Plaintiff,                          REPORT AND
                                              RECOMMENDATION
    -against                            20 CV 3708 (MKB)(RML)

AMAZON.COM INC., *et al.*,

        Defendants.
----------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated February 15, 2021, the Honorable Margo K. Brodie, Chief United States District Judge, referred defendants' motion to dismiss to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied.

## BACKGROUND AND PROCEDURAL HISTORY

        Plaintiff Dante Daniels ("plaintiff") commenced this personal injury case in July 2020 in New York Supreme Court, Richmond County. (See Summons and Complaint, dated July 9, 2020 ("Compl."), Dkt. No. 1-1.) Defendants removed it to this court on diversity grounds on August 14, 2020. (See Notice of Removal, dated Aug. 14, 2020, Dkt. No. 1.)

        This case arises out of a two-vehicle collision that occurred on June 15, 2019 in Staten Island, New York. Plaintiff was driving a 2017 Kawasaki motorbike and defendant Sonsorrea McNair was driving a 2018 Amazon delivery van, within the scope of her employment for defendant Last Mile Delivered LLC, an independent contractor delivery service provider for defendants Amazon.com Inc. and Amazon.com Services LLC. (Compl. ¶¶ 1, 4.) According to the complaint, the two vehicles were heading west on Arlington Place, a residential

street with one lane in each direction, with McNair's van in front of plaintiff's motorbike.  (Id. ¶ 37.)  The complaint alleges that:

> as the two vehicles approached the intersection of Arlington Place and Pond Way, Defendant MCNAIR suddenly, and without any warning or turn signals, abruptly braked and made a sharp left turn onto Pond Way.  Defendant MCNAIR's sudden left turn onto Pond Way cut off Plaintiff and caused a violent collision between the Amazon Van and Plaintiff's motorbike. As a result of the collision, Plaintiff was thrown off of his bike, and landed underneath the truck, getting dragged into the intersection.

(Id. ¶¶ 38-39.)  Plaintiff alleges that he was brought by ambulance to Richmond University Medical Center, where he remained for five weeks, during which time he had "multiple surgeries to repair the severe fractures in his hip, pelvis and orbital areas."  (Id. ¶ 41.)  He was then transferred to Kindred Hospital in Dover, New Jersey and then to New Vanderbilt Rehabilitation Care Center Hospital in Staten Island and Richmond Physical Therapy, PC, also in Staten Island.  (Id. ¶¶ 42-45.)  He claims that he is still receiving physical therapy and has been unable to work since the accident.  (Id. ¶¶ 45-47.)

According to defendants, the allegations in the complaint show that plaintiff's operation of his motorbike on the wrong side of the street was the sole proximate cause of the accident.  (Defendants' Memorandum of Law, dated Jan. 15, 2021, Dkt. No. 23-1, at 12.)  Defendants argue that "[a]s McNair attempted to make a left-hand turn, Plaintiff attempted to illegally pass McNair on the left, in the lane of oncoming traffic, and drove his motorbike into the side of McNair's van."  (Id. at 1.)  In other words, defendants argue that plaintiff was negligent *per se*, as there was no way for plaintiff's motorbike to come into contact with the side of the van as it turned, unless he was illegally trying to pass McNair "on the oncoming-traffic side-of-the-street," which means he was operating the motorbike on the wrong side of the street, against traffic and in violation of New York's Vehicle and Traffic Law sections 1124 and 1129.

2

(Id. at 9-10.) Defendants therefore contend that "Plaintiff has failed to allege that his injuries were proximately caused by McNair's breach of a duty in operating her vehicle. Rather, Plaintiff's allegations make clear that the accident was proximately caused by Plaintiff's own negligent and negligent per se operation of the motorbike." (Id. at 11-12.)

Plaintiff counters that New York is a comparative negligence state, not a contributory negligence state. "Therefore," plaintiff argues, "even if, as Defendants allege, Plaintiff is partially responsible for this accident, this would not bar his negligence claim. Rather, it would merely mean that the amount of damages that Plaintiff could recover would be reduced by the percentage of his comparative fault." (Plaintiff's Memorandum of Law, filed Feb. 12, 2021, Dkt. No. 24, at 2) (citing N.Y. C.P.L.R. § 1411.) Further, plaintiff contends, "it is well settled that there can be more than one proximate cause for an accident, and the issue of proximate cause is a question of fact for the jury to decide. Such factual issues cannot be resolved at the pleading stage." (Id.)

## DISCUSSION

A. Standard of Review

Defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that [for granting] a Rule 12(b)(6) motion for failure to state a claim." Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020) (quoting Patel v. Contemporary Classics, 259 F.3d 123, 126 (2d Cir. 2001)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The sufficiency of a plaintiff's complaint under Rule 12(b)(6) is evaluated using a "two-pronged approach." Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (internal quotation marks omitted) (quoting Iqbal, 556 U.S. at 679). First, the court discounts legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. The court is also "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (citation omitted). Second, the court considers whether the factual allegations, taken as true, "plausibly give rise to an entitlement to relief." Id. at 679. The second step is fact-bound and context-specific, requiring the court "to draw on its judicial experience and common sense." Id. The court does not "weigh the evidence" or "evaluate the likelihood" that a plaintiff's claims will prevail. Christiansen v. Omnicom Grp., Inc., 852 F.3d 195, 201 (2d Cir. 2017).

B.  Negligence Claim

"Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002); see also Avlonitis v. United States, No. 16 CV 2521, 2020 WL 1227164, at *5 (E.D.N.Y. Mar. 13, 2020); Solomon v. City of New York, 489 N.E.2d 1294, 1294-95 (N.Y. 1985). On its face, plaintiff's complaint satisfies these elements and pleads sufficient facts to survive a motion to dismiss. He alleges that defendant McNair operated the delivery van in an unsafe manner, and that her abrupt braking and sharp left turn without a turn signal was a proximate cause of the collision. (See Compl. ¶¶ 38-39.)

C. Negligence *Per Se*

Under New York law, an unexcused violation of a statutory standard of care, if unexplained, constitutes negligence *per se*. See Dalal v. City of New York, 692 N.Y.S.2d 468, 469 (2d Dep't 1999). Thus, a violation of a standard of care imposed by the New York Vehicle and Traffic Law can establish negligence where the other elements of liability are met. See McGrath v. Indus. Waste Techs., No. 20 CV 2858, 2021 WL 791537, at *9 (S.D.N.Y. Feb. 26, 2021) (citing Polanco v. United States, No. 19 CV 1409, 2020 WL 6504554, at *13 (S.D.N.Y. Nov. 5, 2020); Packer v. Mirasola, 681 N.Y.S.2d 559, 559 (2d Dep't 1998)). However, negligence *per se* is not a complete affirmative defense to a claim of negligence. See Auz v. Century Carpet, Inc., No. 12 CV 417, 2014 WL 199511, at *3 (S.D.N.Y. Jan. 17, 2014) ("[E]ven if Barrett did violate a traffic law and was therefore negligent per se, this would not definitively determine liability."); Gass v. Woods, 954 N.Y.S.2d 759 (Sup. Ct. Nassau Cty. 2012) (explaining that "[n]egligence per se is not liability per se" because the party asserting it "still must establish that the statutory violation was the proximate cause of the occurrence.") (citing Dance v. Town of Southampton, 467 N.Y.S.2d 203, 206 (2d Dep't 1983)). Rather, as plaintiff asserts, a charge of negligence *per se* is subject to the defense of comparative negligence. See Rodriguez v. E & P Assocs., 872 N.Y.S.2d 693 (Sup. Ct. Bronx Cty. 2008), aff'd, 898 N.Y.S.2d 2 (1st Dep't 2010). As plaintiff correctly notes, there can be more than one proximate cause of an accident, and this is often a fact-intensive inquiry. See, e.g., Chen v. City of New York, 194 A.D.3d 904, 2021 WL 1991754, at *2 (2d Dep't May 19, 2021) ("[T]here may be more than one proximate cause of an accident" and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause") (citing Kalland v. Hungry Harbor Assoc., LLC, 922 N.Y.S.2d 550 (2d Dep't 2011)); Cox v. Nunez, 805 N.Y.S.2d 604 (2d Dep't 2005) (holding that evidence that second

driver failed to stop at stop sign would not preclude finding that negligent conduct by first driver contributed to accident). Therefore, even if the complaint does establish that plaintiff violated the New York Vehicle and Traffic Law and was negligent *per se*, it does not establish that defendants have no liability for the collision. See Nesbitt v. Gallant, 51 N.Y.S.3d 568, 569 (2d Dep't 2017) ("Although drivers with the right-of-way are entitled to anticipate that other drivers will obey the traffic laws, they nonetheless still have a duty to avoid colliding with other vehicles."). I therefore recommend that defendants' motion be denied.

## CONCLUSION

For the reasons stated above, I respectfully recommend that defendants' motion to dismiss the complaint be denied. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
      July 22, 2021