UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
DANTE DANIELS,

                Plaintiff,

v.

AMAZON.COM INC, AMAZON.COM
SERVICES LLC, LAST MILE DELIVERED,
LLC, and SONSORREA McNAIR,

                Defendants.
---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-3708 (MKB) (RML)

MARGO K. BRODIE, United States District Judge:

Plaintiff Dante Daniels commenced the above-captioned personal injury action against Defendants Amazon.com Inc, Amazon.com Services LLC (collectively "Amazon"), Last Mile Delivered, LLC ("Last Mile Delivered"), and Sonsorrea McNair on July 9, 2020, by filing a complaint in New York Supreme Court, Richmond County. (Compl. ¶ 1, annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.) Plaintiff asserts negligence and related claims against Defendants[1] arising out of "a severe collision between a 2018 Ford van bearing New York State license plate number 64001ML, with an 'Amazon' logo prominently displayed on the exterior of the vehicle [(the "Amazon Delivery Van")] . . . and a motorbike operated by Plaintiff on June 15, 2019." (*Id.*) On August 14, 2020, Amazon removed the action to federal court, invoking federal

---

[1] Plaintiff brings a negligence claim against McNair, and claims of negligence, vicarious liability, negligent entrustment, negligent hiring and training, negligent supervision, and maintenance and repair against Amazon and Last Mile Delivered. (Compl. ¶¶ 73–209.) Plaintiff also seeks punitive damages against Amazon for "willful and deliberate attempts to evade DOT [Department of Transportation] safety regulations," which Plaintiff alleges have "resulted in delivery vehicles which are unsafe, dangerous and lacking in critical safety equipment, and have caused many accidents." (*Id.* ¶¶ 210–215.)

jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, (Notice of Removal ¶ 6, Docket Entry No. 1), and on February 12, 2021, Defendants moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, (Defs.' Mot. for J. on the Pleadings ("Defs.' Mot.") Docket Entry No. 23; Defs.' Mem. in Supp. Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 23-1).  On February 15, 2021, the Court referred Defendants' motion to Magistrate Judge Robert M. Levy for a report and recommendation, (Order dated Feb. 15, 2021), and by report and recommendation dated July 22, 2021, Judge Levy recommended that the Court deny Defendants' motion, (the "R&R"), (R&R, Docket Entry No. 30).  On August 5, 2021, Defendants timely filed objections to the R&R.  (Defs.' Obj. to R&R ("Defs.' Obj."), Docket Entry No. 32.)

For the reasons set forth below, the Court adopts the R&R in its entirety and denies Defendants' motion for judgment on the pleadings.

**I. Background**

The Court assumes familiarity with the facts as set forth in the R&R and provides only a brief summary of the facts relevant to Defendants' motion.[2]

**a. Factual background**

Plaintiff commenced this personal injury action against Defendants on July 9, 2020, asserting negligence claims arising from of a two-vehicle collision which occurred on June 15, 2019, in Richmond County, New York.  (Compl. ¶¶ 32-40, 73–209.)  At the time of the accident, Plaintiff was driving a 2017 Kawasaki motorbike and McNair was driving the Amazon Delivery

---

[2] The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order.

2

Van within the scope of her employment for Amazon and Last Mile Delivered. (*Id.* ¶¶ 1, 4, 28–31.)

At the time of the accident, McNair and Plaintiff were both heading west on Arlington Place, a residential street in Richmond County, New York. (*Id.* ¶¶ 32–33, 37.) McNair was driving in front of Plaintiff and operating the Amazon Delivery Van above the speed limit "at an unsafe and excessive rate of speed" in an effort to "complete her delivery schedule for the day, . . . [and] comply with Defendant Amazon's rules and regulations for Delivery Service Partners." (*Id.* ¶¶ 34–37.) As Plaintiff and McNair approached "the intersection of Arlington Place and Pond Way," McNair "suddenly, and without any warning or turn signals, abruptly braked and made a sharp left turn onto Pond Way," cutting Plaintiff off and causing a "violent collision" between the Amazon Delivery Van and the Plaintiff's motorbike. (*Id.* ¶¶ 38–39.) Plaintiff was "knocked unconscious," "thrown off of his bike, and landed underneath the truck, getting dragged into the intersection." (*Id.* ¶¶ 39, 41.)

After the accident, "Plaintiff was brought by ambulance to Richmond University Medical Center ('RUMC'), where he remained for . . . [five] weeks," undergoing "multiple surgeries to repair the severe fractures in his hip, pelvis and orbital areas." (*Id.* ¶ 41.) Following his discharge from RUMC, Plaintiff was transferred to Kindred Hospital, in Dover, New Jersey, where he remained for another two weeks. (*Id.* ¶ 42.) Thereafter, "Plaintiff was transferred to New Vanderbilt Rehabilitation Care Center-Hospital," in Staten Island, New York, where he spent another three weeks. (*Id.* ¶ 43.) In total, Plaintiff spent ten weeks in the hospital as a result of the accident. (*Id.*)

After he was discharged from the hospital, Plaintiff began physical therapy at "Richmond Physical Therapy, PC, in Staten Island, New York" and continues to "receive[] rehabilitation

3

from this facility." (*Id.* ¶ 45.) Plaintiff alleges that "[a]s a direct result of the negligence of Defendant[s], [he] has suffered, and will continue to suffer, severe, permanent and disabling injuries for the rest of his life." (*Id.* ¶ 46.) "At the time of the . . . accident, [Plaintiff] was employed at United Activities Limited as a counselor and had been so employed there since 2015" but he "has not been able to return to work since the date of the accident." (*Id.* ¶ 47.)

    **b.** **Report and recommendation**

Judge Levy recommended that the Court deny Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, finding that: (1) the Complaint "pleads sufficient facts to survive a motion to dismiss" as Plaintiff "alleges that [McNair] operated the delivery van in an unsafe manner, and that her abrupt braking and sharp left turn without a turn signal was a proximate cause of the collision," (R&R 4 (citing Compl. ¶¶ 38–39)); and (2) even if the Complaint "does establish that [P]laintiff violated the New York Vehicle and Traffic Law and was negligent *per se*, it does not establish that [D]efendants have no liability for the collision," as under New York law "negligence *per se* is not a complete affirmative defense to a claim of negligence," (*id.* at 5–6 (citing cases)).

    **c.** **Defendants' objections to the R&R**

Defendants object to the R&R, arguing that "Plaintiff's negligence in this case was the sole proximate cause of the accident" and that although "negligence *per se* does not establish liability *per se*, where a finding is made that the plaintiff's negligent driving was the sole proximate cause of an accident, then [the] plaintiff must be found completely liable." (Defs.' Obj. 4.)

4

## II. Discussion

### a. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015) (applying the clear error standard when no objections to the magistrate judge's report and recommendation were filed). The clear error standard also applies when a party makes only conclusory or general objections. Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("[M]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court").

Whether clear error review or *de novo* review applies when an objecting party reiterates the arguments made to the magistrate judge is unclear. While the Second Circuit has suggested

5

that clear error review is appropriate if a party's objection to a magistrate judge's report and recommendation repeats arguments already presented to and considered by the magistrate judge, *see Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) . . . ."), the Second Circuit has more recently stated that it is "skeptical" that the clear error standard would be appropriate when the objection is based on a previously asserted argument, *see Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) ("[W]e are skeptical that clear error review would be appropriate in this instance, where arguably 'the only way for [the plaintiff] to raise . . . arguments [on that point] [was] to reiterate them.'" (third and fourth alterations in original) (first quoting *Watson v. Geithner*, No. 11-CV-9527, 2013 WL 5441748 (S.D.N.Y. Sept. 27, 2013); and then citing 28 U.S.C. § 636(b)(1))). *See also Harewood v. N.Y.C. Dep't of Educ.*, No. 18-CV-5487, 2021 WL 673476, at *6 (S.D.N.Y. Feb. 22, 2021) ("[W]hen the objections simply reiterate previous arguments or make only conclusory statements, the court should review such portions of the report only for clear error." (first citing *Dickerson v. Conway*, No. 08-CV-8024, 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); and then citing *Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009))); *Castorina v. Saul*, No. 19-CV-991, 2020 WL 6781078, at *1 (S.D.N.Y. Nov. 18, 2020) ("While courts in this [d]istrict sometimes state that objections that 'simply reiterate [the] original arguments' merit only clear error review, this rule lacks support in either 28 U.S.C. § 636(b)(1)(C) or Rule 72(b)(2) of the Federal Rules of Civil Procedure. The Second Circuit has expressed similar skepticism." (alteration in original) (citations omitted)).

      **ii.   Rule 12(c)**

In deciding a Rule 12(c) motion, courts apply "the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and

6

drawing all reasonable inferences in favor of the nonmoving party." *Pourkavoos v. Town of Avon*, 823 F. App'x 53, 59 (2d Cir. 2020) (quoting *Kass v. City of New York*, 864 F.3d 200, 206 (2d Cir. 2017)); *see also Bello v. Rockland County*, 846 F. App'x 77, 78 (2d Cir. 2021) (stating that on a motion for judgment on the pleadings, the court accepts "the complaint's factual allegations as true and draw[s] all reasonable inferences in the plaintiff's favor"); *Ezra v. Bristol-Myers Squibb Co.*, 784 F. App'x 48, 49 (2d Cir. 2019) ("The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." (alteration omitted) (quoting *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006))). "In determining a Rule 12(c) motion, the district court may consider 'any written documents attached to' the pleadings, 'materials incorporated in [the complaint] by reference,' and 'documents that, although not incorporated by reference, are integral to the complaint.'" *28th Highline Assocs., L.L.C. v. Roache*, 826 F. App'x 70, 72 (2d Cir. 2020) (alteration in original) (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of City Sch. Dist. Of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (discussing Rule 12(b)(6)) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, the court need not accord "a legal conclusion couched as a factual allegation" the same presumption of truthfulness. *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 120 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

### b. Defendants cannot establish that Plaintiff is completely liable for the accident at the pleadings stage

Defendants argue that Judge Levy "erred in failing to find that Plaintiff's conduct was negligence *per se* and was the sole proximate cause of the . . . accident."[3] (Defs.' Obj. 1.) In support, Defendants contend that although "the issue of proximate cause is generally a question for the jury, it can be decided as a matter of law if only one conclusion may be drawn from the established facts," and "there can only be one conclusion drawn from the established facts" because "had [Plaintiff] maintained a safe distance from McNair's vehicle and had not attempted to [unlawfully pass] McNair's vehicle on the left . . . , there would have been no impact between Plaintiff's vehicle and the side of the [Amazon Delivery Van]." (*Id.* at 5.)

Plaintiff argues that because "New York is a *comparative negligence* state, *not* a contributory negligence state . . . even if . . . Plaintiff is partially responsible for this accident, . . . this would not bar *his* negligence claim," but instead "the amount of damages that Plaintiff could recover would be reduced by the percentage of his comparative fault." (Pl.'s Reply to Defs.' Obj. ("Pl.'s Reply") 4, Docket Entry No. 33 (alterations in original) (citing N.Y. C.P.L.R. § 1411).) In addition, Plaintiff argues that because proximate cause is a fact-intensive inquiry, a determination as to whether Plaintiff's conduct was the "sole proximate cause" of the collision cannot be properly decided before discovery has been completed. (*Id.* at 5–6.)

### i. Plaintiff states a negligence claim

"Under New York law . . . a plaintiff alleging negligence must prove: '(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach.'" *Niles v. Pan Am Rys., Inc.*, 697 F. App'x 94, 95 (2d Cir. 2017) (quoting *Pasternack v.*

---

[3] Defendants do not address whether the Complaint adequately states a claim for vicarious liability against Amazon and Last Mile Delivered. (*See generally* Defs.' Mem.; Defs.' Obj.)

*Lab. Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015), *as amended* (Nov. 23, 2015)); *see also Doe v. Hobart & William Smith Colls.*, --- F. Supp. 3d ---, ---, 2021 WL 2603400, at *7 (W.D.N.Y. June 25, 2021) (same); *Vaselli v. United States*, No. 12-CV-6221, 2014 WL 4961421, at *5 (E.D.N.Y. Oct. 3, 2014) (same) (citing *Lombard v. Booz-Allen & Hamilton, Inc*., 280 F.3d 209, 215 (2d Cir. 2002); *Peralta v. Quintero*, 20 F. Supp. 3d 462, 464 (S.D.N.Y. 2014) ("[U]nder New York law, the plaintiff must establish three elements in order to prevail on a negligence claim: (1) that defendant owed plaintiff a duty of care; (2) that defendant breached that duty; and (3) that the breach was the proximate cause of plaintiffs' injuries." (quoting *Hodder v. United States*, 328 F. Supp. 2d 335, 341 (E.D.N.Y. 2004))).

According to New York's Vehicle and Traffic Law, "it is the duty of both drivers to operate their automobiles with reasonable care, taking into account the actual and potential dangers existing from weather, road, traffic and other conditions." *Peralta*, 20 F. Supp. 3d at 464 (quoting *Hodder*, 328 F. Supp. 2d at 341)); *see also Adames v. United States*, No. 06-CV-3922, 2010 WL 1633441, at *5 (E.D.N.Y. Apr. 21, 2010) (same) (first citing N.Y. Veh. & Traf. Law § 1180(a); then citing *Goldstein v. United States*, 9 F. Supp. 2d 175, 186–87 (E.D.N.Y. 1998); then citing *Baker v. Close*, 204 N.Y. 92, 94 (1912); and then citing *Oberman v. Alexander's Rent-A-Car*, 392 N.Y.S.2d 662, 663–64 (App. Div. 1977)). Thus, drivers have a duty to "(1) to maintain a reasonably safe rate of speed; (2) to have their automobiles under reasonable control; (3) to keep a proper lookout, under the circumstances then existing, to see and be aware of what was in their view; and (4) to use reasonable care to avoid an accident." *Hodder*, 328 F. Supp. 2d at 341 (citing *Oberman*, 392 N.Y.S.2d at 663) (internal citations omitted); *see also Vaselli*, 2014 WL 4961421, at *5 (stating that under New York Law, drivers have a duty "to maintain a reasonably safe rate of speed, have the automobile under reasonable

9

control, to keep a proper lookout under the circumstances then existing to see and be aware of what was in their view, and to use reasonable care under the circumstances to avoid an accident" (quoting *Goldstein*, 9 F. Supp. 2d at 186)).

A violation of New York's Vehicle and Traffic Law constitutes negligence *per se*. *Ming-Fair Jon v. Wager*, 87 N.Y.S.3d 82, 83 (App. Div. 2018) (first citing *Katikireddy v. Espinal*, 26 N.Y.S.3d 775, 776 (App. Div. 2016); and then citing *Vainer v. DiSalvo*, 914 N.Y.S.2d 236, 237 (App. Div. 2010))); *cf. Yenem Corp v. 281 Broadway*, 18 N.Y.3d 481, 489 (2012) ("As a rule, violation of a State statute that imposes a specific duty constitutes negligence *per se*, or may even create absolute liability." (quoting *Elliott v. City of New York*, 95 N.Y.2d 730, 734 (2001))). Courts also "impose upon every driver a requirement to see that which she 'should have seen' through the proper use of her senses." *Thomas v. O'Brien*, No. 08-CV-3250, 2010 WL 785999, at *3 (E.D.N.Y. Feb. 26, 2010) (first citing *Goemans v. County of Suffolk*, 868 N.Y.S.2d 753, 754–55 (App. Div. 2008); and then citing *Miller v. Richardson*, 852 N.Y.S.2d 530, 532 (App. Div. 2008)).

"An act or omission is a proximate cause of an injury if it was a substantial factor in bringing about the injury." *Hodder*, 328 F. Supp. 2d at 358 n.10 (citing *Nallan v. Helmsley-Spear, Inc.*, 50 N.Y.2d 507, 521 (1980); *see also Vaselli*, 2014 WL 4961421, at *5 ("An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission." (citing *Jund v. Town of Hempstead*, 941 F.2d 1271, 1286 (2d Cir. 1991))).

Defendants do not dispute Judge Levy's finding that Plaintiff satisfies the first two elements of his prima facie case, (*see* R&R 4), as he alleges McNair violated New York's Vehicle and Traffic Law by (1) driving above the speed limit "at an unsafe and excessive rate of speed," (Compl. ¶¶ 34–36); and (2) failing to "see what was there to be seen" and exercise "that degree of care, caution and prudence required under the circumstances," (*id.* ¶ 84). In addition, the Court finds that Plaintiff sufficiently alleges that Defendants' conduct was a proximate cause of his injury, because he alleges that McNair "suddenly, and without any warning or turn signals, abruptly braked and made a sharp left turn onto Pond Way," cutting Plaintiff off and causing a "violent collision" between the Amazon Delivery Van and Plaintiff's motorbike. (*Id.* ¶¶ 38–39); *see also Korean Air Lines Co., Ltd. v. McLean*, 118 F. Supp. 3d 471, 486 (E.D.N.Y. 2015) (stating that to satisfy the proximate cause element of a negligence claim, "plaintiff [is] required to connect her injury to a breach of duty by defendant and to show that defendant's acts were a substantial cause of the events which produced the injury" (quoting *Gunther v. Airtran Holdings, Inc.*, No. 05-CV-2134, 2007 WL 193592, at *9 (S.D.N.Y. Jan. 24, 2007))).

> ii. **Defendants cannot establish that Plaintiff's negligence was the sole proximate cause of the accident**

Defendants argue that based on the facts alleged, Plaintiff was negligent *per se* and the sole proximate cause of the accident and therefore "completely liable," because "had [he] not attempted to unlawfully pass McNair on the left, and had not followed her too closely, Plaintiff would never have struck the side of McNair's vehicle." (Defs.' Obj. 4–5 (citing *Vaselli*, 2014 WL 4961421 at *7 (granting defendant's motion for summary judgment in finding that "plaintiff's negligence was the sole proximate cause of the accident")).)

Plaintiff argues that "it is for the jury to decide — based on a full evidentiary record, not the pleadings — whether McNair's negligent acts caused and/or contributed to the . . . accident"

11

and that therefore, "the Court cannot conclude, at this stage, without a factual determination, that Plaintiff was the sole proximate cause of this accident." (Pl.'s Reply 8.)

"New York law utilizes a comparative negligence scheme, meaning the doctrine[] of contributory negligence . . . [is] not [a] complete defense as a matter of law." *In re Buchanan Marine, L.P.*, 874 F.3d 356, 369 (2d Cir. 2017) (citing *Integrated Waste Servs., Inc. v. Akzo Nobel Salt, Inc*., 113 F.3d 296, 300 (2d Cir. 1997)), *cert. denied sub nom. Volk v. Franz*, 138 S. Ct. 1442 (2018). Under New York's pure comparative negligence scheme, it is well established that "[t]here can be more than one proximate cause of an accident, and liability can be apportioned among parties based on New York's comparative negligence rubric." *Reyes v. United States*, No. 19-CV-5325, 2021 WL 1639370, at *3 (S.D.N.Y. Apr. 26, 2021) (first citing *In re Buchanan Marine, L.P*., 874 F.3d at 369; and then citing *Custodi v. Town of Amherst*, 20 N.Y.3d 83, 87 (2012)); *see also Dershowitz v. United States*, No. 12-CV-8634, 2015 WL 1573321, at *29 (S.D.N.Y. Apr. 8, 2015) ("Under New York's pure comparative negligence scheme, there can be more than one proximate cause of an accident." (first citing *Saint v. United States*, 483 F. Supp. 2d 267, 279–83 (E.D.N.Y. 2007); and then citing *Caraballo v. United States*, 830 F.2d 19, 22 (2d Cir. 1987))); *see also Poveromo v. Town of Cortlandt*, 6 N.Y.S.3d 617, 621 (App. Div. 2015) ("There can be more than one proximate cause of an accident." (quoting *Cox v. Nunez*, 805 N.Y.S.2d 604, 605 (App. Div. 2005))); *Cox*, 805 N.Y.S. at 605 (same) (citing *Forte v. City of Albany*, 279 N.Y. 416, 422 (1939))). Therefore "[a] plaintiff's culpable conduct will not bar recovery but only diminishes it proportionally." *Dershowitz*, 2015 WL 1573321, at *29 (first citing N.Y. C.P.L.R. § 1411; and then citing *Goodlett v. Kalishek*, 223 F.3d 32, 35–36 (2d Cir. 2000)); *see also Integrated Waste Servs., Inc.*, 113 F.3d at 300 ("[W]hen New York, by statute, adopted comparative negligence, it abolished . . . contributory negligence

12

as a complete defense . . . . Under the statute, liability is [therefore] split between plaintiffs and defendants based on the relative culpability and causal significance of their conduct." (citing N.Y. C.P.L.R. § 1411)).

Accordingly, negligence *per se* is not a complete affirmative defense to a claim of negligence under New York law. *See Auz v. Century Carpet, Inc*., No. 12-CV-417, 2014 WL 199511, at *3 (S.D.N.Y. Jan. 17, 2014) ("[E]ven if [plaintiff] did violate a traffic law and was therefore negligent *per se*, this would not definitively determine liability."); *Diassinos v. Oliveira Contracting, Inc.*, No. 19-CV-7841, 2021 WL 4084656, at *10 (S.D.N.Y. Sept. 7, 2021) (finding that "even if a jury could find [p]laintiff [was negligent *per se*], that is not enough for [d]efendants to prevail on their summary judgment motion" as defendants also "need to show that [p]laintiff's conduct was 'the *sole* proximate cause of the accident' and 'an absence of evidence [of] the defendant's negligence'" (citing *Reyes*, 2021 WL 1639370, at *5)).

Even accepting Defendants' argument that the facts alleged in the Complaint establish that Plaintiff's violations of New York's Vehicle and Traffic Law render him negligent *per se*, *see Polanco v. United States*, No. 19-CV-1409, 2020 WL 6504554, at *13 (S.D.N.Y. Nov. 5, 2020) ("A violation of a standard of care imposed by [New York's Vehicle and Traffic Law] constitutes negligence *per se*." (alteration in original) (quoting *Dershowitz*, 2015 WL 1573321, at *24; and then citing cases))), Plaintiff successfully states a negligence claim against Defendants and, based on the factual allegations, Defendants cannot establish as a matter of law that Plaintiff's conduct was the sole proximate cause of the accident. *See Chen v. City of New York*, 149 N.Y.S.3d 190, 192 (App. Div. 2021) ("'[T]here may be more than one proximate cause of an accident' and '[g]enerally, it is for the trier of fact to determine the issue of proximate cause.'" (alterations in original) (quoting *Kalland v. Hungry Harbor Assoc., LLC*, 922

13

N.Y.S.2d 550, 551 (App. Div. 2011)); *Cox*, 805 N.Y.S.2d at 604 (holding that "[t]he fact that [plaintiff] allegedly 'ran' the stop sign would not preclude a finding that comparative negligence by [defendant] contributed to the accident" (citing cases)); *Poveromo*, 6 N.Y.S.3d at 621 ("[W]here varying inferences as to causation are possible, resolution of the issue of proximate cause is a question for the jury" (citing *Ernest v. Red Creek Cent. Sch. Dist.*, 93 N.Y.2d 664, 674 (1999))); *cf. Hidalgo v. Winding Road Leasing Corp.*, No. 12-CV-388, 2013 WL 1934073, at *3 (E.D.N.Y. May 9, 2013) (stating that "[o]nly where negligence and causation are clear, should proximate cause be determined at the summary judgment phase," but "where there is any doubt, confusion, or difficulty in deciding whether the issue ought to be decided as a matter of law, the better course is to leave the point for the jury to decide" (quoting *White v. Diaz*, 854 N.Y.S.2d 106, 106 (App. Div. 2008))); *Brenton v. Consol. Rail Corp.*, No. 00-CV-742, 2006 WL 1888598, at *6 (W.D.N.Y. July 7, 2006) ("[A] finding of sole proximate cause and an award of summary judgment is appropriate only when 'the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party.'" (quoting *Bush v. Blankenheim*, 678 N.Y.S.2d 427, 428 (App. Div. 1998))).

Accepting the allegations contained in the Complaint as true and drawing all reasonable inferences in Plaintiff's favor, the Court cannot find as a matter of law that Plaintiff's conduct was the sole proximate cause of the accident. *See, e.g.*, *Brenton*, 2006 WL 1888598, at *6 (finding that "there are credible questions of fact with respect to the relative negligence of some of the other defendants that may have proximately caused the accident" preventing the court from concluding that plaintiff's conduct was the sole proximate cause of the accident); *Williams v. Persaud*, 798 N.Y.S.2d 495, 496 (App. Div 2005) (granting summary judgment to defendant where "[t]here [was] nothing in the record to demonstrate that the defendant breached any duty

14

owed to the plaintiff or, assuming such a breach, that any conduct on the part of the defendant was a proximate cause of the accident").

Accordingly, the Court denies Defendants' motion for judgment on the pleadings.

### III. Conclusion

For the foregoing reasons, the Court adopts the R&R and denies Defendants' motion for judgment on the pleadings.

Dated: September 21, 2021
       Brooklyn, New York

                              SO ORDERED:

                                 s/ MKB
                              MARGO K. BRODIE
                              United States District Judge